Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7388 | **DATE** | 4/13/2001 |
| **CASE TITLE** | PRIME STEEL CORPORATION vs. IMPACT STEEL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss Counts II and II [7-1] is denied. Status hearing set for 5/4/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 18 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CM | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 APR 17 PM 4:13 | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



PRIME STEEL CORPORATION, an
Illinois Corporation,

       Plaintiff,

v.

IMPACT STEEL, INC., a Michigan
Corporation,

       Defendant.

No. 00 C 7388
Judge Ronald A. Guzman

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Impact Steel, Inc.'s motion to dismiss Counts II and III of Plaintiff Prime Steel Corporations' complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is denied (#7-1).

## FACTUAL BACKGROUND

In Count I of its Complaint at Law, Plaintiff Prime Steel Corporation ("Prime") has alleged the existence of a contract between itself and Defendant Impact Steel, Inc., ("Impact"). As part of its contract claim, Prime has alleged that the "parties, for good and valuable consideration, entered into a binding contract...[and that] "[t]he contract clearly and unambiguously provided that Prime would supply the steel ordered by Impact and that Impact would pay Prime for the steel it ordered." The heart of Prime's allegations in Count I are:

1

Impact unjustly retained the benefits of some of the steel delivered to it. To its detriment, Prime delivered to Impact steel, which Impact to this day has retained. Impact's retention of Prime's steel without paying Prime monies that Impact is legally obligated to pay violates fundamental principles of justice, equity, and good conscience. Impact has unreasonably and vexatiously delayed complying with the contract or paying Prime monies despite its obligation to do so. Prime further alleges that it performed all conditions precedent under the contract, that Impact breached the contract by wrongfully rejected the goods tendered by Prime and by failing to pay Prime the money it believes to be due under the parties' contract. In Counts II and III, Prime has asserted claims for unjust enrichment and promissory estoppel, respectively. Impact moves to dismiss Counts II and III arguing that these Count, for unjust enrichment and promissory estoppel, cannot be asserted because the contract for sale of goods set forth in Count I covers the same subject matter.

## DISCUSSION

In ruling on a motion to dismiss, the court considers "wether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir 1990).

A claim for unjust enrichment exists when a defendant (1) receives a benefit, (2) to the plaintiff's detriment, and (3) the defendant's retention of that benefit would be unjust. *HPI*

*Health Care Servs. Inc., v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 137 Ill.Dec 19, 545 N.E.2d 672, 679 (1989). In order to allege a promissory estoppel claim a party must allege that (1) the defendant made an unambiguous promise to that party; (2) the party relied on such a promise; (3) reliance by the party was expected and foreseeable by the defendant; (4) the party relied on the promise to it detriment. *Doyle v. Holy Cross Hospital*, 186 Ill.2d 104, 120, 708 N.E.2d 1140, 1148 (1999). Under Illinois law, a plaintiff may not recover on a theory of quasi-contract when a real contract governs the parties' relations. *Murray v. Abt Associates Inc.*, 18 F.3d 1376, 1379 (7th Cir. 1994).

Impact argues that Prime should be barred from seeking relief under the equitable theories set forth in Counts II and III because "[a]t all relevant times, a written contract governed the parties relationship." However, although Prime may not *recover* under both contract and quasi-contract theories, it is not barred from pleading these theories in the alternative. See Fed.R.Civ.P. 8(e)(2) ("A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal [or] equitable ... grounds."). Hence, Impact's motion to dismiss is denied.

## CONCLUSION

For the reasons set forth above Defendant's motion to dismiss Counts II and III is denied (#7-1).

**SO ORDERED**                                               **ENTERED: 4/13/01**

                                                                                       **HON. RONALD A. GUZMAN**
                                                                                       **United States Judge**